DECISION ON MOTION FOR SUMMARY JUDGMENT
{¶ 1} Relator, Dwayne Harris, an inmate at the Lebanon Correctional Institution, has filed an original action requesting a writ of mandamus ordering respondent, Judge Alan Travis of the Franklin County Court of Common Pleas, to render a ruling on an action pending in the court of common pleas, following a prior remand by this court.
 {¶ 2} On August 12, 2004, respondent filed a motion for summary judgment. In support, respondent attached the affidavit of Dorothy Carnes, a deputy clerk of the Franklin County Clerk of Courts.
 {¶ 3} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On January 26, 2005, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondent's motion for summary judgment on the basis that the trial court had rendered a decision in the underlying case on July 20, 2004. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 4} Based upon an examination of the magistrate's decision and an independent review of the file, and finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondent's motion for summary judgment is granted and relator's request for a writ of mandamus is denied.
Motion for summary judgment granted; writ of mandamus denied.
Klatt and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Dwayne Harris, :
 Relator, :
v. : No. 04AP-676
Judge Alan Travis, : (REGULAR CALENDAR)
 Respondent. :
 MAGISTRATE'S DECISION Rendered on January 26, 2005 Dwayne Harris, pro se.
Ron O'Brien, Prosecuting Attorney, and Jeffrey L. Glasgow, for respondent.
 IN MANDAMUS ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT {¶ 5} In this original action, relator, Dwayne Harris, an inmate of the Lebanon Correctional Institution, requests that this court issue a writ of mandamus against respondent, the Honorable Alan Travis, a Judge of the Franklin County Court of Common Pleas, because respondent has allegedly refused to make any ruling in an action pending in the common pleas court since this court reversed a common pleas court judgment on May 19, 2003, and remanded to that court for further proceedings.
Findings of Fact:
 {¶ 6} 1. According to the instant complaint, relator filed a complaint in the Franklin County Court of Common Pleas on February 21, 2001, against the defendants, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), the Chair of the Ohio Adult Parole Authority ("OAPA"), the Chief of OAPA, and other ODRC employees. The common pleas court action was assigned to respondent and is assigned case No. 01CV-1710.
 {¶ 7} 2. According to the instant complaint, on October 10, 2002, respondent granted the defendants' Civ.R. 56 motion for summary judgment. Relator appealed the common pleas court judgment to this court. The appeal to this court was assigned case No. 03AP-77.
 {¶ 8} 3. According to the instant complaint, on May 19, 2003, this court entered judgment in favor of relator in case No. 03AP-77. This court reversed the common pleas court judgment and remanded the matter for further proceedings.
 {¶ 9} 4. On July 7, 2004, relator filed the instant mandamus action. In this action, relator requests that a writ of mandamus issue against respondent because the common pleas court action has been pending before respondent for over 12 months following this court's reversal and remand. Relator alleges that respondent has refused to make a ruling in the action.
 {¶ 10} 5. On August 12, 2004, respondent filed an answer to the instant complaint. In his answer, respondent admits that, on May 19, 2003, this court reversed the judgment of the common pleas court and remanded the matter for further proceedings.
 {¶ 11} 6. Also on August 12, 2004, respondent filed a Civ.R. 56 motion for summary judgment. In support of the motion, respondent submitted the affidavit of Dorothy Carnes, a Deputy Clerk in the office of the Clerk of the Franklin County Court of Common Pleas. In her affidavit, Ms. Carnes presented the official docket entries in the common pleas court action by attaching as an exhibit a computer generated "Case Action Inquiry" regarding case No. 01CV-1710
 {¶ 12} The "Case Action Inquiry" shows that, following this court's May 19, 2003 reversal and remand, the defendants in the common pleas court action filed for summary judgment on May 27, 2003. Relator then filed for summary judgment on December 29, 2003. On March 3, 2004, defendants filed an amended answer and a consent to the filing of an amended complaint. On April 9, 2004, defendants again filed for summary judgment. The "Case Action Inquiry" further shows that on July 20, 2004, a decision and journal entry was rendered in the common pleas court action. Apparently, the July 20, 2004 entry is not a final judgment.
 {¶ 13} 6. On August 18, 2004, this magistrate issued to the parties notice of respondent's August 12, 2004 motion for summary judgment being set for submission to this magistrate. Relator has failed to oppose the motion for summary judgment.
Conclusions of Law:
 {¶ 14} It is the magistrate's decision that this court grant respondent's Civ.R. 56 motion for summary judgment, as more fully explained below.
 {¶ 15} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v.Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 16} Civ.R. 56(E) states, in part:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 17} Through the affidavit of Ms. Carnes, respondent has shown that on July 20, 2004, he rendered a decision in the common pleas court action. Thus, to the extent that relator seeks a "ruling" from respondent in the common pleas court action, Ms. Carnes' affidavit affirmatively shows that respondent rendered a ruling in the action. Under Civ.R. 56(E), relator may not rest upon the mere allegations of the instant complaint. By his failure to respond to the motion for summary judgment, relator has failed to show that there is a genuine issue for trial in this mandamus action. Accordingly, summary judgment for respondent is appropriate.
 {¶ 18} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment.